# UNITED STATES DISTRICT COURT
for the
### Eastern District of Kentucky
### London Division

| | |
|---|---|
| Angila Stephenson<br>    *Plaintiff*<br><br>v.<br><br>Phoenix Financial Services, LLC<br>    *Defendant*<br>Serve:<br>    Kimberly England<br>    Phoenix Financial Services, LLC<br>    8902 Otis Avenue, Suite 103A<br>    Indianapolis, IN 46216<br><br>Equifax Information Services, LLC<br>    *Defendant*<br>Serve:<br>    Corporation Service Company<br>    421 West Main Street<br>    Frankfort, KY 40601 | Case No. |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1.      This is a complaint for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331; the FDCPA, 15 U.S.C. §1692k(d); and the FCRA, 15 U.S.C. §§ 1681n and 1681o. Venue is proper, because the nucleus of relevant facts and events that affected and/or damaged Plaintiff as a consumer occurred within Laurel County, Ky., which is located within this District.

### PARTIES

3.      Plaintiff Angila Stephenson is a natural person who resides in Laurel County, Ky.

Ms. Stephenson is a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681a(c).

4.   Defendant Phoenix Financial Services, LLC ("PFS") is a foreign limited liability company with its principal place of business located at 8902 Otis Avenue, Suite 103A, Indianapolis, IN 46216. PFS has not registered to do business with the Kentucky Secretary of State.

5.   PFS is a "debt collector" as defined by the FDCPA at 15 U.S.C. §1692a(6) inasmuch as it regularly collects consumer individual debts of natural persons who are citizens of Kentucky using instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. PFS is also a "furnisher of information" within the meaning of the FCRA.

6.   Defendant Equifax Information Services, LLC ("Equifax") is a foreign limited liability company, with its principal place of business located at 1550 Peachtree Street NW, Atlanta, GA 30309. Equifax has registered to do business with Kentucky Secretary of State. Equifax is a "consumer reporting agency" within the meaning of the FCRA.

## STATEMENT OF FACTS

7.   Like many of her fellow Americans, Plaintiff Angila Stephenson is keenly aware of the importance of her credit score.

8.   As explained on Bankrate.com, a person's credit score is important to many major life events: including housing, employment, and credit:

> Today's economy runs on credit. If you want to get a mortgage loan for a house or a student loan to pay for college, or if you just want to put your lunch on a credit card, a company is extending credit to you.
>
> Your creditworthiness is defined by your three-digit credit score and is the key to your financial life. Good credit can be the make-or-break detail that determines whether you'll get a mortgage, car loan or student loan. On the other hand, bad credit will make it more difficult for you to get a credit card with a low interest rate and it will make it more expensive to borrow money for any purpose, says Liz Pulliam Weston, author of "Your Credit Score."
>
> But even if you're not in the market for a loan, good credit can have a major impact, Weston says.

> "Your credit information can be a factor in whether or not you can rent a nice apartment, how much you pay for insurance or whether or not you can get a job," she says. Landlords, insurers and employers frequently use credit information as a litmus test to see if the people they are dealing with are reliable and responsible.
>
> Bad credit can suggest you're a risky bet. While bad credit may only show the details of how you deal with debt, some will extrapolate the characteristics from your financial life to other situations and assume that your bad credit implies that you may be just as irresponsible driving a car, taking care of an apartment or showing up for a job, Weston notes.
>
> Good credit can signify that your financial situation—and the rest of your life—is on the right track.[1]

9.  In an effort to improve her credit score and rating, Ms. Stephenson regularly reviews her credit reports because she is aware that every error on her credit report negatively impacts her credit score and her ability to obtain credit.

10. Ms. Stephenson recently reviewed her credit reports from all three major consumer reporting agencies ("CRA's"): Equifax Information Services, LLC ("Equifax"); Experian Information Solutions, Inc. ("Experian"); and Trans Union, LLC ("Trans Union").

11. Ms. Stephenson discovered items on her credit reports that were not correct and inaccurate, including two tradelines furnished by Defendant Phoenix Financial Services, LLC ("PFS") who was furnishing credit information concerning medical debts originated by St. Joseph Hospital ("St. Joseph").

12. The two St. Joseph hospital debts were incurred for personal, family, or household purposes, which makes the two St. Joseph hospital debts both "debts" within the meaning of the FDCPA.

13. Ms. Stephenson did not recognize the two St. Joseph hospital debts and did not believe they were her debts, but if they debts were for medical services provided to her or members of her family, she believed that insurance should have paid each debt off in full.

14. Ms. Stephenson sent dispute letters dated March 9, 2018 to all three CRA's in attempt to correct the errors on her credit reports.

---

[1] http://www.bankrate.com/finance/credit-cards/why-is-good-credit-so-important.aspx

15. Ms. Stephenson letter to Defendant Equifax included disputes concerning the two PFS tradelines.

16. Receipt of Ms. Stephenson's dispute letter triggered Equifax's duty under 15 U.S.C. § 1681i(a)(2) to send PFS notice of Ms. Stephenson's dispute within five business days of receipt of Ms. Stephenson's dispute.

17. PFS's receipt of notice of Ms. Stephenson's dispute from Equifax triggered PFS's duty under 15 U.S.C. § 1681s-2(b)(1) to conduct an investigation of Ms. Stephenson's dispute.

18. As a result of the investigation of Ms. Stephenson's dispute, Equifax did not update Ms. Stephenson's credit report and file to reflect that she had disputed the PFS hospital debts.

19. Equifax's April 4, 2018 results of its investigation of Ms. Stephenson's disputes of the PFS tradelines provided in pertinent part:

>>> We have researched the collection account. Account # – 32498098  The results are: We have verified that this item has been reported correctly. If you have documents that release you from this obligation, please forward a copy to us. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *STATUS DATE *BALANCE DATE *ADDITIONAL INFORMATION. If you have additional questions about this item please contact: Phoenix Financial Services, 8902 Otis Ave Ste 103a, Indianapolis IN 46216-1009 Phone: (317) 957-4880

**Phoenix Financial Services LLC**   8902 Otis Ave Ste 103A  Indianapolis IN 46216-1009 : (317) 957-4880

| Account Number | Date Reported | Date Assigned | Creditor Class | Client Name | Original Amount |
|---|---|---|---|---|---|
| 098 | 04/2018 | 10/2017 | Medical/Health Care | Saint Joseph LONDON | $1,570 |

| Status Date | Status | Date of 1st Delinquency | Balance Date | Balance Amount | Last Payment Date | Whose Account |
|---|---|---|---|---|---|---|
| 04/2018 | Unpaid | 03/2014 | 04/2018 | $1,570 | | Individual Account |

ADDITIONAL INFORMATION:
Collection Account

>>> We have researched the collection account. Account # – 34004276  The results are: We verified that this item belongs to you. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *STATUS DATE *BALANCE DATE *ADDITIONAL INFORMATION. If you have additional questions about this item please contact: Phoenix Financial Services, 8902 Otis Ave Ste 103a, Indianapolis IN 46216-1009 Phone: (317) 957-4880

**Phoenix Financial Services LLC**   8902 Otis Ave Ste 103A  Indianapolis IN 46216-1009 : (317) 957-4880

| Account Number | Date Reported | Date Assigned | Creditor Class | Client Name | Original Amount |
|---|---|---|---|---|---|
| 76 | 04/2018 | 11/2017 | Medical/Health Care | St Joseph Hospital | $1,232 |

| Status Date | Status | Date of 1st Delinquency | Balance Date | Balance Amount | Last Payment Date | Whose Account |
|---|---|---|---|---|---|---|
| 04/2018 | Unpaid | 12/2011 | 04/2018 | $1,232 | | Individual Account |

ADDITIONAL INFORMATION:
Collection Account

20. PFS failed to conduct a reasonable investigation into Ms. Stephenson's disputes concerning the negative credit information concerning Ms. Stephenson and the credit information that PFS was furnishing to Equifax.

21. PFS falsely verified the accuracy of the disputed negative credit information to the Equifax.

22. PFS failed to note in its investigative results to Equifax that Ms. Stephenson had disputed the two St. Joseph/PFS hospital debts.

23. In the alternative, PFS did note in its investigative results to Equifax that Ms.

Stephenson had disputed the debts at issue, but Equifax failed to note that Ms. Stephenson had disputed the two PFS hospital debts in the credit reports it published to its users and subscribers.

24. As a result of PFS's failure to conduct a reasonable investigation of Ms. Stephenson's disputes and its failure to note that Ms. Stephenson had disputed the two St. Joseph/PFS hospital debts, Ms. Stephenson suffered actual damages in the form of lowered credit score, denial of credit, and out of pocket expenses trying to get relief from the CRA's.

25. In the alternative, as a result of Equifax's failure to note that Ms. Stephenson had disputed the two St. Joseph/PFS hospital debts, Ms. Stephenson suffered actual damages in the form of out-of-pocket expenses, lowered credit score, denial of credit and out of pocket expenses.

## CLAIMS FOR RELIEF

I. **Clams against Phoenix Financial Services, LLC**

A. **Violations of the FDCPA**

26. The foregoing acts and omissions of Defendant Phoenix Financial Services, LLC ("PFS") constitute violations of the FDCPA. PFS's violations include, but are not limited to, violation of 15 U.S.C. § 1692e(8) by reporting credit information to Equifax that failed to note that Ms. Stephenson had disputed the two PFS hospital debts.

B. **Violations of the FCRA**

27. The foregoing acts and omissions of PFS violate the FCRA.

28. After being informed by Equifax that Ms. Stephenson disputed the accuracy of the information it was furnishing to Equifax concerning Ms. Stephenson and the two St. Joseph hospital debts at issue, PFS willfully failed to conduct a proper investigation of Ms. Stephenson's dispute, filed with Equifax, that PFS was furnishing false negative credit information about Ms. Stephenson and the two St. Joseph hospital debts at issue.

29. PFS willfully failed to review all relevant information purportedly provided by Equifax to PFS in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

30. PFS willfully failed to direct Equifax to delete inaccurate information about Ms. Stephenson pertaining to the two St. Joseph hospital debts at issue as required by 15 U.S.C. § 1681s-2(b)(C).

31. PFS failed to note in its response to Equifax that Ms. Stephenson had disputed the

two St. Joseph hospital debts at issue as required by the FCRA.

32. Ms. Stephenson has a private right of action to assert claims against PFS arising under 15 U.S.C. § 1681s-2(b).

33. PFS is liable to Ms. Stephenson for the actual damages she has sustained by reason of PFS's willful violations of the FCRA, in an amount to be determined proven at trial or up to $1,000.00 in statutory damages, whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

34. In the alternative, PFS is liable to Ms. Stephenson for the actual damages she has sustained as result of its grossly negligent or negligent violation of the FCRA, in an amount to be proven at trial, as well as her reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o.

## II. Claims Against Equifax Information Services, LLC

35. Ms. Stephenson disputed the two St. Joseph hospital debts at issue with Defendant Equifax Information Services, LLC ("Equifax").

36. In sending Equifax the results of its investigation of Ms. Stephenson's dispute, PFS had a duty under 15 U.S.C. § 1681s-2(a)(3) and 15 U.S.C. § 1692e(8) to notify Equifax that Ms. Stephenson had disputed the two St. Joseph hospital debts.

37. After being notified by PFS that Ms. Stephenson had disputed the two hospital debts at issue furnished by PFS, Equifax had a duty under 15 U.S.C. § 1681c(f) to indicate in the credit reports that it published to its users, including to Ms. Stephenson, that Ms. Stephenson had disputed the two hospital debts at issue.

38. Ms. Stephenson's April 4, 2018 Equifax credit report failed to indicate that Ms. Stephenson had disputed the PFS tradelines.

39. Equifax willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. 1681c(f).

40. Equifax is liable to Ms. Stephenson for the actual damages she has sustained by reason of its violations of the FCRA, in an amount to proven at trial, or up to $1,000.00 in statutory damages, whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax is liable to Ms. Stephenson for the actual damages she

has sustained by reason of its violation of the FCRA, in an amount to be proven at trial, as well as her reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Angila Stephenson requests that the Court grant her the following relief:

1. Award Plaintiff the maximum amount of statutory damages under 15 U.S.C. §1681n and 15 U.S.C. § 1692k;

2. Award Plaintiff her attorney's fees, litigation expenses and costs;

3. Award Plaintiff actual damages under 15 U.S.C. § 1692k and 15 U.S.C. §1681n or, in the alternative, under 15 U.S.C. § 1681o;

4   Award Plaintiff punitive damages under 15 U.S.C. § 1681n;

5. A trial by jury; and

6. Any other relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ James R. McKenzie
**James R. McKenzie**
**J. Hays Lawson**
*Credit Defense Attorneys, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:   (502) 371-2179
Fax:   (502) 257-7309
james@creditdefenseky.com
hays@creditdefenseky.com